## SUPREME COURT.

Putnam agt. Van Buren and others, infants, by Fish, Guardian.

In an action under the Code to recover the possession of land, corresponding to the former action of ejectment, the death of a sole defendant abates the action, and it can not be continued, under § 121 of the Code, against his heirs at law, as his successors in interest.

If the heirs in such case be infants, and out of possession, and do not themselves ask to be substituted, *it seems* they could not be substituted on the motion of the plaintiff, until they shall have had an opportunity to elect whether they will continue the action by being made parties, or abandon it.

The death of the party revokes the appointment of his attorney. The attorney of the ancestor does not become the attorney of the heirs, without a new appointment.

*Warren General Term, May* 1852—*Before* Willard, *P. J.* Hand, Cady and Allen, *Justices.* The plaintiff claiming title to certain real estate in Glenn in the county of Montgomery, under a deed from one Peter Putnam, dated about the 1st January 1839, some time in the year 1850, brought an action under the Code, against Peter P. Van Buren, to recover the possession of said land. The defendant, Peter P. Van Buren, in his answer controverted the plaintiff's title, and set up a title in himself, under the last will and testament of the said Peter Putnam, who is deceased. The issues between the parties were tried at a Circuit Court in Montgomery county in September 1850, when the jury disagreed and were discharged. The cause was again noticed for trial at the June circuit, 1851, but the defendant, Peter P. Van Buren, died before the circuit, leaving Martin Van Buren and others, his infant children and heirs at law. An application was thereupon made on the part of the plaintiff, at the Sept. special term in Herkimer, in 1851, for an order continuing the action against the heirs at law of the original defendant as his successors in interest, and for the appointment of a special guardian for the infants, in case they should fail within a limited time to appoint one. Mr. Justice Gridley, who held that term, granted both orders, from the former of which the defendants have appealed to this court.

F. Fish, *for the Appellant.*

J. A. Spencer, *Contra.*

Willard, Justice.—It was not shown by the petition on which the order in this case was made, that the heirs of Peter Van Buren, the original defendant, were in possession of the premises sought to be recovered, or that they exercised acts of ownership on the premises claimed, or that they claimed title thereto, or any interest therein (2 *R. S.* 304, § 4). From their ages, the oldest being but eleven and the youngest but one year old, they can not be presumed to have done any act personally, to render them amenable to an action. The ground on which the order was made, substituting them as defendants in the place of their deceased father, was, that by the death of their father intestate, the law cast the defence of this action upon them, as his successors in interest. This doctrine is supposed to be found in the 121st section of the Code of procedure.

At common law a cause of action originating in a tort died with the person. The maxim was "*Actio personalis moritur cum persona*" (*Noy's Maxims,* 14; *Broom's Legal Maxims,* 428; 1 *Saund.* 216 *a. n*). This rule in the old authorities is not applied to causes of action on contracts, but to those in tort which are founded on malfeasance or misfeasance to the person or property of another. It follows, that in an action *ex delicto* by a plaintiff against a sole defendant, the death of either party before judgment abates the action (1 *Saund.* 72, *k*). At common law, therefore, the present action abated by the death of the original defendant, Peter P. Van Buren. It was not aided by the Revised Statutes (2 *R. S.* 387, § 3, 4), because the death happened before any interlocutory judgment or verdict was had in the case. Unless it is aided by the 121st section of the Code, it can not be continued against the heirs at law of the deceased original defendant.

That section (121) provides that no action shall abate by the death, marriage, or other disability of a party, or by the transfer of any interest therein, if the *cause of action survive or continue.* In case of death, marriage or other disability of a party, the court, on motion, at any time within one year thereafter, or after-

wards on a supplemental complaint, may allow the action to be continued by or against his representative or *survivor in interest*, &c. As there was in this case but one party plaintiff and defendant, there is no survivorship, since that term implies that the cause of action became vested in, or against the survivor. Unless, therefore, the *cause of action continues in favor of the plaintiff, and against the heirs at law of the defendant in the action, on his death*, the action abates as at common law. There is a distinction between a *right*, and a *cause of action*. An estate may be turned to a *right*, as by discontinuance, disseisin, &c. when it shall be said *quod jus descendit et non terra*. A man may have a lawful *right* or cause of entering into lands whereof another is seized, for the which he can have no action (*Co. Lyt.* 345 *b*). The 121st section of the Code has reference expressly to the *continuance* of the *cause of action*, and not merely of the right to the property. The *cause of action* for the recovery of land involves two ideas: *First*, the valid subsisting interest of the plaintiff in the premises claimed, and right to recover the same, or the possession thereof, or of some share, interest or portion thereof (2 *R. S.* 303); and, *second*, the actual occupancy thereof by the defendant; or, if not so occupied, the exercise by the defendant of acts of ownership on the premises claimed, or the claiming title thereto, or some interest therein, at the commencement of the suit (2 *R. S.* 394, § 4). The first branch of this description of a cause of action *continues* notwithstanding the defendant's death, pending the action, and before verdict or judgment; but the second does not continue. If we suppose that at the time of the commencement of the action, the original defendant was in the actual possession, and that thus the plaintiff, being the owner of the premises, had a cause of action against him, it is a contradiction in terms to say, now that the defendant is dead, that his infant children were in truth the actual occupants when the action was commenced. By the death of the original defendant a *new cause of action* is given to the plaintiff, providing a new occupant succeeds to the possession. If the premises are left vacant, without an occupant or a claimant, the plaintiff may enter without suit. In such case there is clearly nobody against whom he could bring a fresh

action, and no reason is perceived why the original action should be continued. The right of entry in such case is better than a cause of action.

There is no reason in the nature of things why, in an action to recover land, the heirs at law of the defendant on his death before judgment or verdict, should be substituted. The plaintiff's right to the possession is not impaired, or affected by a descent being cast in consequence of such death (*Code*, § 87). He may bring an action against them in case they unlawfully withheld from him the possession. And under the 87th section, he stands in as good plight, with respect to his right of recovery, as he did at the death of the ancestor. The 34th section of the Revised Statutes (2 *R. S.* 298), is not reënacted in the Code, and is, therefore, repealed by § 73. It is probable that § 121 and § 87, supersede the necessity of the said § 34.

The effect of the substitution of the heirs as defendants will be, in case the plaintiff prevails, to cast upon the former the whole expense of the litigation. Thus, without any fault of their own, and without reference to the fact whether any assets are received by them, they become amerced in a heavy bill of costs. Such a result would scarcely have been anticipated, and was surely not intended by the legislature. Among the arguments urged against the late Court of Chancery, by the reformers of the Bentham school, there was none which was pressed with more effect than that which was based upon the interminable length and great expense of the actions in that court. It was said that children were sometimes born heirs to a chancery suit, and were saddled with costs which accrued before they were born. It is unfair to suppose that a legislature, which yielded to such arguments, and abolished the separate jurisdiction after the two courts were amalgamated, should extend to other actions the very abuses of which they so loudly complained. The duration and expense of chancery litigation were in part owing to the fact that the death of parties did not, as in common law actions, put a period to them. The remedy would seem to be to preserve the simplicity of the common law as far as practicable in all actions, and not suffer the principles which obtained in equity to be any further extended than was essential to preserve the rights of the

Putnam agt. Van Buren and others.

parties. The public good never required that the rule of survivorship should be extended to torts, when the action was by and against a sole party.

I am of opinion that this action abated by the death of the original defendant; and consequently the order of the special term, substituting the infant heirs as defendants is erroneous and should be reversed.

But if I am wrong in the foregoing, there is another view of the subject, which leads to the same result.

The infant heirs of a deceased defendant in an action to recover land should not be substituted as defendants, on the ground that they are successors in interest of the defendant, unless they are in possession of the premises sought to be recovered, or refuse to let the plaintiff enter or take possession. It does not appear by the petition that they are in possession, or that they assert any claims hostile to the plaintiff. The infants do not ask to be substituted. As the application comes from the plaintiff, he should show that he can not obtain possession without making them parties. They should have had an opportunity to elect whether they would continue the action by being made parties or abandon it. Mr. Fish, the attorney of the ancestor, ceased to be the attorney on the death of his client. He was in no sense the attorney of the infants. The order has been taken against them without any notice, and for that reason it should be reversed.

A guardian should have been first appointed for the infants, under section 116 of the Code, and then the papers for the motion should have been served on him.

Order of special term reversed.