## SUPREME COURT.

THE PRESIDENT, DIRECTORS AND COMPANY OF THE BANK OF GENESEE, Appellants agt. BURRALL SPENCER, Respondent.

The proceeding supplementary to execution provided by the Code, is a proceeding in the action.

A county judge before whom such a proceeding is pending undetermined, has no power to make an order staying the proceedings therein.

*Erie General Term, September,* 1856,

*Present* BOWEN, *P. J.,* GREENE *and* MARVIN, *Justices.*

APPEAL from an order of the county judge of Erie county, staying proceedings on an order of reference to examine the defendant in proceedings supplementary to execution, pending before the county judge.

The defendant's affidavit upon which the order in question was founded, sets forth that on affidavits showing the recovery of judgment in this action on the 28th day of September, 1846, that an execution was issued on said judgment to the sheriff of Erie county, in the month of July, 1854; that said execution was issued without leave of the court, or the consent of the defendant, and that no execution had been issued on said judgment within six years next before the issuing of the one above mentioned, a motion was made at a special term of the supreme court on the 12th day of October, 1855, to set aside said execution, and all proceedings subsequent thereto; that such motion was denied; that the defendant appealed from the order denying the motion, to the general term of this court, and that the order was, upon such appeal, affirmed; that the defendant has appealed from the order of affirmance to the court of appeals, and filed security to stay proceedings, &c.　On this affidavit, the county judge made an order that the plaintiff show cause before him, on a certain

day, why all proceedings in execution of said order of reference should not be stayed until the determination of said appeal. The plaintiff appeared on the return day of the order to show cause, and objected that the county judge had no power or jurisdiction to make an order staying the plaintiff's proceedings in the premises. The plaintiff also read an affidavit, showing that an order of reference was made in the action in proceedings supplementary to execution in February, 1855; that the defendant appealed from that order to the general term of this court, where the order was affirmed at the September term of that year; that the defendant appealed from the order of affirmance to the court of appeals, and that such appeal had been determined in favor of the plaintiff, and the remittitur had been duly filed, &c.; that several special terms had intervened after the defendant had personal knowledge, in February, 1855, of the issuing of the execution on which the supplementary proceedings were founded; at which terms the motion to set aside such execution might have been made; that the defendant has never appeared in person before the referee; that the proceedings have been adjourned from time to time in consequence of the defendant's appeal, and delayed by means of orders staying proceedings; that nine adjournments had been procured by the defendant, and the plaintiff has been compelled to attend on said adjournments; that no security to pay the debt has been given by the defendant, but merely an undertaking to pay the costs of the appeal, and the amount directed to be paid by the order appealed from.

The county judge made an order staying all proceedings on the order of reference, until the determination of the appeal to the court of appeals, from the order denying the motion to set aside the execution. The plaintiff appeals from the order of the county judge, to this court.

JOSHUA L. BROWN, *for appellant.*
WM. H. GREENE, *for respondents.*

By the court.—GREENE, Justice.   I think the county judge had no power to grant the order appealed from.   If the power exists, it must be found either in the provisions of the Code, or the judiciary act, by which his powers to grant orders in actions pending in this court, are conferred and defined; or in those provisions of the Code which give him jurisdiction to entertain proceedings supplementary to execution in such actions.   By § 401 of the Code, it is provided that orders made out of court without notice, may be made by any judge of the court, in any part of the state; and they may also be made by a county judge of the county where the action is triable, *except to stay proceedings after verdict.*   Section 403 provides that in an action in the supreme court, a county judge, in addition to the powers conferred upon him by this act, may exercise within his county, the powers of a judge of the supreme court at chambers, according to the existing practice *except as otherwise provided in this act.*   By section 27 of chapter 470, of the laws of 1847, it is provided that every county judge within the county in which he shall have been elected, shall have power to perform all such duties as by the laws in force on the 12th day of May, 1847, might have been performed by the judges of the court of common pleas, or any one or more of them, at chambers or otherwise, when not holding court, or by any such judge being of the degree of counsellor of the supreme court, and acting as a supreme court commissioner.   By the 20th section of the article of the Revised Statutes, defining the powers of supreme court commissioners, (2 *R. S. p.* 280,) it is provided that no supreme court commissioner shall be authorized to grant any order to stay proceedings in any cause in which a verdict shall have been rendered.

If this proceeding supplementary to the execution is a proceeding in the action, clearly the county judge has no power to stay the proceedings in any stage of it, or for any cause.   In the enumeration of his powers in actions in this court, this power is expressly excepted by section 401 of the Code, and by the section of the judiciary act already cited, when read in connection with the provisions of the Revised Statutes defin-

ing the powers of supreme court commissioners, which are by the judiciary act conferred on county judges. It is contended by the defendant that this exception in section 401, means that a county judge shall not stay the entry of judgment or the issuing of an execution thereon. But I take it, the statute means what it says. I find no qualification of this express provision, and we have no power to make one. But if we had, there is nothing in the character of this proceeding to justify the qualification now contended for. The ordinary execution is issued to enforce the judgment, by procuring satisfaction out of the visible property of the debtor. It is conceded that a county judge has no power to stay the issuing of that process. If the debtor eludes it by concealing his property, or changing its nature so that it cannot be reached by that process, the law gives the creditor this process or proceeding, for the purpose of enabling him to search closer, and reach farther for the debtor's property, than the sheriff can with a common law execution. It is a cumulative remedy, a species of equitable execution which the law gives the creditor for the purpose of enabling him to procure satisfaction of his judgment. What reason, then, is there, why a county judge should be prohibited from staying a common execution which is not applicable to this proceeding? But it is unnecessary to search for reasons, when we have the plain authority of the statute. I have no doubt that this is a proceeding in the action, as much as the issuing of an execution, or a motion for leave to issue one, after the lapse of five years. It is said that it is a distinct, independent proceeding, and that it can be instituted only upon proof of new facts. The same is true of an execution issued after the lapse of five years from the rendition of judgment.

But if it is not a proceeding in the action, it is a special proceeding given and governed solely by chapter 2, of title 9, of the Code, which is entitled "of proceedings supplementary to the execution," and the power of the county judge to stay the proceedings, if it exists, must be found there. I find no such power in that chapter, and it is not claimed by the de-

The President, &c., of the Bank of Genesee agt. Spencer.

fendant that it contains any provision which confers the power upon the county judge. Upon certain proof he is required to make an order for the debtor to appear and answer, he is authorized to take the examination or appoint a referee for that purpose, to enforce obedience to his orders by summary process as for contempts, to make an order appointing a receiver, and restraining the debtor from disposing of his property, and in case the examination shall disclose any property in the debtor's possession, the judge may make an order for its application to the payment of the judgment. In short, all the provisions of this chapter look to one object, and that is a speedy consummation of the proceeding. To that end, the judge is directed to *proceed*, but he is nowhere authorized to *stop*. He has no discretion in the matter. To the suggestion that he has independent and original jurisdiction in this proceeding, and acts as a court of equity; it is a sufficient answer that he acts in all things as an *officer* of the court, and not as a court, so far as judgments in this court are concerned. He derives all his powers, as such officer, from this chapter, and he can do nothing for which he cannot find the authority there. If there is any power to interfere with the progress of these proceedings in actions in this court, it is vested in the court or its judges, and not in county judges before whom such proceedings may be pending. I think the order should be reversed.

Order reversed.

NOTE.—After the decision in this case, which is reported, *ante p.* 14, was made, the county judge of Erie county, on the application of the defendant, made a second order staying the proceedings. The plaintiff appealed therefrom, and on argument at the Erie general term, held in November, 1857, before DAVIS, P. J., GREENE and MARVIN, Justices, the order was reversed. It was claimed on the part of the defendant, that the order should be sustained on the authority of the opinion reported at page 14. But the court adhered to the preceding opinion, and held that the decision in the 7th district was not in conflict with this; and that it was not open to the construction claimed for it on the part of the defendant. There is an error in the statement at page 14, *ante*, that the proceeding was before the county judge of Genesee. It should read " Erie " instead of " Genesee."