# SUPREME COURT.

## J. H. SEELEY agt. I. S. BLACK.

*Proceedings supplementary to execution* are proceedings *in the action*, not *special proceedings*, designated by the Code.

Consequently the proceeding by *attachment*, for a violation of an order in supplementary proceedings, is a proceeding in the action; and *costs* therein should be taxed as *costs in the action*, and not as costs *of an action*, which are allowed in special proceedings.

*Seventh Judicial District General Term, June,* 1868.

*Present,* E. D. SMITH, JOHNSON, *and* J. C. SMITH, *Justices.*

MOTION to amend order of general term.

The defendant was proceeded against by attachment, for the alleged violation of an order of the special judge of Monroe county, in proceedings supplementary to execution, in an action for the recovery of money, in the which the plaintiff obtained a judgment against defendant, on which execution had been issued and returned unsatisfied. A reference was ordered to take the proofs; and upon the hearing, the attachment, and all proceedings had thereon, were dismissed, with costs of the proceeding to be adjusted by the clerk.

From this order the plaintiff appealed to the general term, where the order was affirmed, with $10 costs of appeal.

The defendant proceeded and had his costs taxed by the clerk, who allowed and taxed the defendant's costs of the proceeding as in an action, The plaintiff appealed from the taxation to the special term, on the ground that the proceeding by attachment in such a case was not a special proceeding, but a proceeding in the action. The judge at special term held that the proceeding was a special proceeding, and the defendant entitled to costs as in an action, up to the appeal to the general term, and granted leave to the defendant to move at general term to amend the order affirming the order of special term, by striking out of the same "with

ten dollars costs of appeal," and inserting therein "with costs to be adjusted," to the end that he might have the costs of the appeal taxed as in an action.

The defendant now moves to amend the order accordingly, and for that purpose.

J. Van Voorhis, *for defendant.*
E. Harris, *for plaintiff.*

*By the court,* Johnson, J.   Whether this motion should be granted or not, depends upon the question whether the proceeding by attachment against the defendant in this case was a special proceeding or a proceeding in the action, and a part and parcel of the remedy embraced by the action. The order claimed to have been violated was contained in the order for the examination of the defendant, concerning his property, in proceedings supplementary to execution, which forbid his transferring or disposing of his property until further order.   By the Code, all remedies are divided into actions and special proceedings.   An action is defined to be an "ordinary proceeding in a court of justice, by which a party prosecutes another party for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense."   "Every other remedy is a special proceeding."   There has been some conflict in the decisions as to the character of proceedings supplementary to execution, whether they were special proceedings or proceedings in the action.   But whatever may have been decided elsewhere, the court in this district has uniformly held that such proceedings were proceedings in the action, and we shall probably adhere to this until the question shall be settled the other way by the court of last resort.   That we have been right in this will appear very plain by reference to the Code.   Title 9 of the Code is entitled "Of the execution of the judgment in civil actions."   It consists of two chapters.   Chapter 1 is entitled "The execution," and

provides when it may be issued, when it shall be made returnable, the different kinds, the form, &c., and regulates generally the proceeding of issuing the same. Chapter 2 is entitled "Proceedings supplementary to execution," and provides for the proceeding after the execution has failed in executing the judgment. These proceedings are always entitled in the action, and are most obviously as much a part of the machinery which the law has provided for enforcing the right involved in the action, and the execution of the judgment, as the execution itself. It is made so by the Code, upon its face, and in express terms. The proceedings supplementary, being proceedings in the action, the proceeding by attachment for a violation of the order was so likewise.

The proceedings as for contempt, to enforce civil remedies and to protect the rights of parties, in civil actions, are by attachment, and are familiar to every lawyer. They are always, as in this case, entitled in the action, and are used, and always have been, as part of the machinery belonging to the action, to protect the right therein involved, and to aid in enforcing the remedy. Such an attachment could not be had, nor the proceeding to obtain it maintained, outside of an action. It has its foundation in the action alone, and can only be used as one of the means or instruments of the action to enforce the remedy and secure the right. It is, as it always has been, part and parcel of the armament, so to speak, of every action, to be used whenever its use may become necessary in furthering the ends of such action.

The Revised Statutes which regulate such proceedings (*tit.* 13, *ch.* 8, *part* 3, *p.* 534) is entitled "Of proceedings as for contempts, to enforce civil remedies and to protect the rights of parties in civil actions."

This question is, I think, settled by the decision in the court of appeals, in *Pitt* agt. *Davison* (*reported in* 34 *How. Pr. R.* 355), in which it is expressly held that such proceedings to punish as for contempts, for the disobedience of judg-

ments and orders, are proceedings in the action. If they are proceedings in the action, they are not the special proceedings designated in the Code. The special proceedings there referred to are proceedings other than in actions. It is a remedy given to enforce or protect a right without action, and not in aid of or as part of the proceedings in actions. This appears to my mind extremely clear. It is apparent that it would operate most harshly, and add excessive burdens to litigation, if it were to be established that all these collateral proceedings in actions, used to aid in enforcing the right which the action is brought to establish and enforce, and in executing the judgment, were special proceedings, in which costs as of actions are to be allowed, independent of the costs of the action in which they were used. No such practice has ever yet obtained, and I think we should set our faces most determinedly against it.

The proceeding was a proceeding in the action in the nature of a motion, and the defendant is only entitled to costs of motion.

The motion to amend the order must therefore be denied.