Austin v. Monroe.

---

BENJAMIN H. AUSTIN and others, Respondents, *v.* JOHN MONROE and another, Executors, &c., Appellants.

(GENERAL TERM, FOURTH DEPARTMENT, FEBRUARY, 1871.)

A cause of action against executors, for services rendered their testator upon his retainer in an action brought against him, is improperly united with a cause of action upon a special agreement with the executors, for continuance of the services in the same action to which they have been substituted, as defendants, for the testator after his decease.

THIS was an appeal by the defendants from an order at Special Term. The facts are stated in the opinion.

*Benjamin H. Austin*, for the respondent.

*George Wadsworth*, for the appellants.

Present—MULLIN, P. J., JOHNSON and TALCOTT, JJ.

By the Court—MULLIN, P. J. This is an appeal by defendants from an order overruling a demurrer to plaintiffs complaint.

The complaint alleges that plaintiffs were retained by defendants' testator, to defend an action in the Supreme Court, brought against him by one Sarah C. Stevens. That before the determination of the action, the testator died, leaving a will, by which the defendants were appointed executors.

The defendants and the devisees and legatees were, upon the death of the testator, substituted as parties defendant.

After the testator's death, defendants refused to defend said action unless the same should be successful; but they agreed, for a valuable consideration, that if plaintiffs should continue to act as attorneys in said action, and the defendants should be successful, that they would pay the plaintiffs what remained unpaid for their services.

It is alleged that plaintiffs continued to act as defendants' attorneys, in said action, and defeated the plaintiff therein, by reason whereof the defendants became liable to pay them the value of their services, after deducting therefrom an amount which had been paid them.

The defendants demurred to the complaint, because, 1st. It does not state a cause of action against the defendants' as executors. 2d. That causes of action have been improperly united. 3d. It is not alleged in said complaint that the testator had left a will, or that it had been admitted to probate, oi letters testamentary issued.

It has been repeatedly decided that the power of an attorney to act for his client, ceases on the death of the latter, and

Austin *v.* Monroe.

he cannot act for the representatives of, or successors in interest to the client without a new retainer. (*Putnam* v. *Van Buren*, 7 How. Pr., 31; *Beach* v. *Gregory*, 2 Abb. R., 203; id., 3 Abb. R., 78; *Bellinger* v. *Ford*, 21 Barb., 311.)

This being the law, it followed, that for the services rendered prior to the death of the testator, the defendants were liable as executors, and by retaining the plaintiffs to continue the defence, they became personally liable to them for their services. (*Ferrin* v. *Myrick*, 41 N. Y., 315.)

Had there been a contract between the testator and the plaintiffs, by which plaintiffs were retained to act until the final termination of the litigation, the defendants would be liable as executors upon that contract for services rendered after testator's death.

There was, however, no such contract, and defendants as executors, were liable only for the services rendered prior to testator's death.

It follows, that two causes of action have been improperly joined in the complaint.

The defendants are not liable as executors upon the special agreement set out in the complaint. That was entered into, after the death of the testator, and if founded on a valuable consideration, binds the executors personally as well for the services rendered in the lifetime of the testator as since.

The order of the Special Term must be reversed, and an order entered, that the defendants have judgment on the demurrer, unless the plaintiffs, within twenty days after service of a copy of this order, amend their complaint, and pay the costs of the demurrers, and of this appeal.

Ordered accordingly.