PETER PITKIN, APPELLANT, *v.* LEVI COOLEY AND OTHERS,
RESPONDENTS.

*Motion to set aside judgment — is a proceeding in the action — Court may include disbursements in costs — Referee's fees on reference under Code, § 271 — Decision made under mistaken belief as to power.*

Every incidental or interlocutory application for relief in either an action or special proceeding, whether before or after judgment, is a step taken in the action or special proceeding, as the case may be, and is not a new and independent proceeding.

A motion to set aside a judgment or to vacate a satisfaction thereof, is a proceeding in the action.

The court, when in the exercise of its discretion it grants costs of a motion, has power to include in the adjustment of such costs the necessary disbursements of the successful party.

The referee's fees on a reference directed by the court, under section 271 of the Code, is a proper disbursement to be allowed to the successful party.

The decision of a court, made because of the belief that it does not possess powers which really belong to it, will be reversed.

THE defendants moved in the County Court to stay proceedings upon a judgment of that court for $121, on the ground that it was settled. The motion was opposed upon affidavits tending to show that the settlement was procured by misrepresentation or concealment in regard to the original amount of the plaintiff's claim. The court declined to determine the question upon the affidavits, and directed a reference to a referee to take testimony and report the same, with his opinion. The referee reported the testimony, with his opinion that there had been concealment, whereby the plaintiff was made to believe that the original amount of his claim was seventy dollars, whereas in fact it was seventy-six dollars. The report was confirmed, and the motion to stay proceedings denied, with ten dollars costs.

Afterward the plaintiff moved to be allowed further costs and disbursements, etc., upon the reference. The motion was denied, with ten dollars costs, upon the ground that the court had no legal authority to do so; and from this order the plaintiff appeals.

*J. D. Decker*, for the appellant.

*Theodore Bacon*, for the respondents.

GILBERT, J. :

The Code does not define remedies; it merely distributes them into two classes, viz., actions and special proceedings. Whether a given remedy belongs to one or the other of these classes, is determined at the commencement of it; and every incidental or interlocutory application for relief in either class, whether before or after judgment, is a step taken in the action, or special proceeding, as the case may be. It is not a new or independent remedy. (See *Belknap* v. *Waters*, 1 Kern., 478.) It has been held repeatedly, that proceedings supplementary to execution belong to the action in which the judgment was entered. (*Seeley* v. *Black*, 35 How. Pr., 369.) *A fortiori*, a motion to set aside a judgment, or to vacate a satisfaction thereof, is a proceeding in the action. The direction of the court therein is an order (Code, § 400); and an application for an order is a motion. (Sec. 401.) The question is whether, when the court has, in the exercise of the discretion conferred upon it by section 315, granted costs of a motion, it has power to include in the adjustment of such costs the necessary disbursements of the successful party. We think it has. By section 311, the clerk is required to insert necessary disbursements in the entry of judgment; and that section further provides that "whenever it shall be necessary to adjust costs in any interlocutory proceeding in an action," etc., the same shall be adjusted by the judge or the court, or in such other manner as the court shall direct. No other authority for the recovery of disbursements, in addition to the specific allowances for costs, is contained in the Code. Such disbursements are recoverable only by virtue of the authority given to adjust them. They are to be added to sums fixed by law. The power conferred upon the court or judge is the same in kind, namely, a power to adjust costs. In short, this section, fairly construed, makes the ascertaining and inserting of the necessary disbursements, a part of the duty of adjusting costs. In interlocutory proceedings, it is to be done by the judge, or court; in other cases by the clerk. Indeed, we can conceive no act which the judge can do in adjusting interlocutory costs, except to ascertain and fix the amount of the disbursements, for all besides has been before determined by him, and it would be idle to do the same act twice. The maximum limitation contained in section 315, has no more restrictive effect than

the fixed limitations contained in the other sections relating to costs. In *Bond* v. *Smith*, (4 Hun, 48), this court allowed disbursements besides costs on affirming an interlocutory order.

The court is authorized to direct a reference, when a question of fact arises upon motion in any stage of the action. (Sec. 271.) The compensation of the referee is provided for (sec. 313) and it is reasonable to presume that it was the intention of the legislature, that the successful party should have the means of recovering his disbursement therefor. We are therefore of opinion that the court had no power to allow more than ten dollars besides disbursements, and that it had power to allow the necessary disbursements in addition to that sum. As the special county judge acted upon the supposition that he did not possess such power, the order must be reversed, and the proceedings remitted to the court below, with a direction to readjust the costs. (*Tilton* v. *Beecher*, 59 N. Y.)

Present — MULLIN, P. J., SMITH and GILBERT, JJ.

Ordered accordingly.