Vaw Vorst, J.
The objections on the part of the defendant to the proceedings taken under the judgment, which led to the settlement of which complaint is made, are substantial and valid.
The judgment was recovered in 1866, and an execu *148 tion was at once issued thereon, and returned unsatisfied.
After the recovery of the judgment, and more than ten years ago, the plaintiff died.
The attorney who recovered the judgment made the affidavit upon which the order for the defendant’s examination in proceedings supplementary to execution was obtained from one of the judges of this court.
In the affidavit he swears “ that he is the attorney for the above plaintiff.”
The death of the plaintiff is not suggested, yet his death revoked the authority of the attorney (Putnam v. Van Buren, 7 How. Pr. 31; Billinger v. Ford, 21 Barb. 311; Austin v. Monroe, 4 Lans. 67). Proceedings supplementary to execution are proceedings in the action (Seeley v. Black, 35 How. Pr. 369).
As long as the judgment remained unsatisfied the action was pending (Wegman v. Childs, 41 N. Y. 159).
After the plaintiff’s death all proceedings in the action must be taken in the name of his representatives or successors in interest (Code, § 757).
At the time of the institution of the supplementary proceedings, no steps had been taken for the appointment of an administrator of the deceased creditor.
It follows that there was no person properly authorized to take the proceedings or make a settlement of the claim.
In answer to this objection the attorney claims to be “the one half owner of the judgment.” When or in what manner he succeeded to such interest is not stated. But the proceeding was neither instituted nor settled upon the basis of an interest in any one, other than the plaintiff on the record, and the receipt given for the property received towards paying the judgment, is executed by him as “ attorney for the plaintiff.”
It must be held that the proceedings were unauthorized and void.
*149 The adjournments consented to by the defendant, who is a foreigner, and unacquainted with legal proceedings, can give no validity to the order, nor uphold the settlement. The settlement of the claim by a draft and stocks delivered to the attorney, under the circumstances disclosed, would afford no protection to the defendant, against the claims of those legally interested in the judgment, appearing by the record, and the proceedings thereon.
The proceedings and settlement are set aside, and the property should be redelivered to the defendant.