NEW YORK COUNTY.—HON. D. C. CALVIN, SURROGATE.—
March, 1881.

## WOODHOUSE *v.* WOODHOUSE.

*In the matter of the estate of* CHARITY WOODHOUSE,
*deceased.*

Before the Code of Civil Procedure, the only mode of enforcing a Surrogate's decree for the payment of money was an attachment against the person, in form similar to that used by the court of chancery in analogous cases.

Section 2555 of that Code, providing for the enforcement of such a decree by punishment for a contempt, applies only where the special proceeding, terminating in the decree, was commenced before September 1, 1880.

Where the moving papers, on an application to punish for a contempt under that section, do not show previous service of a certified copy of the decree on the alleged delinquent, the motion should be denied.

*It seems,* that it is not permissible, after procuring an order requiring an administrator to sell property, upon allegations that it is inventoried at too low a price, and that the administrator should be charged with the actual value, as disclosed on a proper sale, which has been had, to claim that the inventory valuation shall be a measure of the charge against him.

APPLICATION by Claiborne O. Woodhouse, for the punishment of James F. Woodhouse, administrator, &c., of decedent, for contempt, for not obeying a decree of

this court, dated April 22, 1879, directing him to pay to the petitioner or his counsel $120, paid by him for auditor's fees on the accounting, and also $240.37 the amount of petitioner's share of said estate.

The petition set forth the making of the decree, a motion by the administrator to vacate it, which was denied, a demand by petitioner, and refusal.

On the return day of the order to show cause, it was shown by the administrator that, on his accounting, he charged himself $750 for certain unsold chattels, appraised at that sum, and that thereafter petitioner obtained an order from the Surrogate, requiring the administrator to sell the same, at public sale, or otherwise, and that he sold them at public auction, on due notice to the petitioner and his attorney, who attended the sale, and that the property brought but $411.20, whereby a loss of $338.80, besides a large bill of expenses, was occasioned. Thereupon the administrator was granted leave to move a modification of said decree, by deducting the last named sum from the amount charged against him therein, and the application to punish was suspended for that purpose.

The motion for a modification was opposed by petitioner, who presented affidavits of unfairness in the sale, and inadequacy in the prices realized.

J. H. HULL, *for petitioner.*

SAMUEL WILLIAMS, *for administrator.*

THE SURROGATE.—The administrator submits the affidavit of himself and of the auctioneer, for the purpose of showing the good faith of the sale, raising an issue of

fact which it is impossible for me to determine on affidavits, and the question must be sent to a referee if the administrator persists in his motion to modify the decree.

Very strenuous objection was interposed to the right of the administrator thus to move for such modification, but the contestant was instrumental in procuring an order requiring the sale, under the allegations that the property was inventoried at much less than its value, and that the administrator should be charged with the actual value as disclosed on a proper sale. It is therefore self-evident that, if the sale was honestly and properly conducted, it is too late now for the contestant to claim that the amount of credit which he then disputed, shall be the measure of charge against the administrator. Hence it is plain that the motion for an attachment, as for a contempt, cannot now be granted, if it might have been in case there had been no application for the modification of the decree, but it is quite clear to my mind that the petitioner would not then have been entitled to such a process, for the reason that the only mode of enforcing a decree for the payment of money in this court, prior to the present Code, was under 3 *R. S.*, 327 [6 ed.], § 10, subd. 4, by attachment against the person, in form similar to that used by the court of chancery in analogous cases (*Re* Draper, *Daily Register*, Dec. 6, 1878 ; Watson *v.* Nelson, 69 *N. Y.*, 536). It is true, by section 2555 of the Code, a decree for the payment of money may be enforced by punishment for a contempt, but by subdivision 11 of section 3347, that section does not apply to the decree in question, which was in a "special proceeding" commenced prior to September 1, 1880, and was entered before that time.

The language of so much of that subdivision as bears upon this question is: "So much of chapter 18 as regulates the proceedings to be taken in a 'special proceeding,' and the effect thereof, applies only to a 'special proceeding,' commenced on or after the first day of September, 1880." The "special proceeding," in which it is proposed that the attachment as for a contempt, to enforce the decree in question, shall issue, was the accounting proceedings of the administrator; and it is clear to my mind that any process issued to enforce a decree is a proceeding in that "special proceeding," resulting in the decree to be enforced, and that the word "proceeding," and the expression "special proceeding" have an entirely different signification; otherwise there would have been no need of the exception referred to, as each proceeding would then be denominated a "special proceeding." I am confirmed in this opinion, by the exception immediately following the provision above quoted, which is that sections 1670 to 1685 apply also to proceedings therein specified, taken after that date, in an action theretofore commenced, and upon a judgment theretofore rendered, the object of making this latter exception being to take those sections out of the provision, that actions commenced before the time specified should not be affected by the Code.

It will be observed that those sections relate to the enforcement of judgments, and prescribe certain duties after the sale, and the disposition of the proceeds thereof, and the entry of a judgment in another county; and yet it was deemed necessary to take those sections out of the provisions prescribing the effect of the Code, as to proceedings in actions commenced before September 1, 1880,

and if the enforcement of a decree or judgment by execution or attachment is not in the original action, what was the necessity of excepting the proceedings for such enforcement from the force of the provision, that they should not be affected by the Code.

In Bank of Genesee v. Spencer (15 *How. Pr.*, 412), it was held that a supplementary proceeding was a proceeding in the action. In Pitt v. Davison (34 *How. Pr.*, 355), it was held that an order to show cause why a party should not be punished for contempt, in refusing to obey the judgment in a civil action, was a proceeding in the action, and that all the papers were to be entitled therein. And in Seeley v. Black (35 *How. Pr.*, 369), it was again held that proceedings supplementary to execution were proceedings in the action, and that costs therein should be taxed as costs in the action, instead of costs allowed in special proceedings. It is clear that section 2555 regulates the proceedings to be taken to enforce a decree in the Surrogate's court, directing the payment of money, etc., and is therefore, by subdivision 11 of section 3347, confined in its application to special proceedings commenced on or after September 1, 1880.

If this were not so, the motion in this matter would have to be denied, for the reason that the moving papers do not show that a certified copy of the decree sought to be enforced has been served upon the administrator, as required by section 2555.

Motion denied.