HENRY D. LAPAUGH, Plaintiff, *v.* JAMES WILSON Administrator, etc., Defendant.

*Attorney and client — the death of the latter terminates the authority of the former*

The death of the plaintiff in an action terminates the authority of his attorney to act for him, and he cannot thereafter apply for leave to annex and file with the judgment-roll, filed in the action, affidavits showing that the signatures of certain of the defendants to an admission of the service of the summons upon them were genuine.

*Putnam* v *Van Buren* (7 How., 31); *Austin* v. *Monroe* (4 Lans, 67), *Amore* v. *La Mothe* (5 Abb. N. C, 146) followed.

APPEAL by John Townshend from an order denying a motion to vacate an *ex parte* order allowing proof to be supplied to a judgment-roll of the service of the summons in the action.

*John Townshend,* in person.

*John Andrews,* for the respondent.

DANIELS, J. :

The action was commenced in September, 1852, a judgment by default was taken in it on the 20th of October, 1852. By the judgment-roll, an admission appeared to have been indorsed on the summons, and signed by James Wilson, administrator and Sarah J. Finley, administratrix, admitting service of the summons to be made upon them on the 18th of September, 1852; but in the record no proof was made that these names were subscribed by the defendants in the action. To supply this proof an application without notice was made to the court by John Andrews, the attorney in the suit, on the 7th of January, 1884. And on this application an order was entered allowing him to annex and file with the judgment-roll an affidavit of the genuineness of these signatures. And under this order such an affidavit was filed and made a part of the judgment roll. The appellant claims to have acquired interests in property which were liable to be injuriously affected by this amendment of the judgment roll, which was allowed to be made as of the day on which the judgment was entered, and to avoid that he moved on notice for an order vacating the *ex parte* order, and from the order denying that motion this appeal has been taken.

At the time when the application was made for the *ex parte* order, the title to certain real estate, in form affected by the lien of the judgment, had come in contest in the courts, and the order to amend the roll was obtained to sustain the title, claimed adversely to that of the appellant. Before the application was made for the *ex parte* order, the plaintiff in the judgment had departed this life, and that, without reference to the long lapse of time between the entry of the judgment and the making of the application, terminated the authority of the attorney. He had, after that, no legal power to represent him in this application, as he did in applying for and obtaining the *ex parte* order. This subject was considered, and the principle

mentioned was supported by the decisions made in *Putnam* v. *Van Buren* (7 How., 31), *Austin* v. *Monroe* (4 Lans., 67), and *Amore* v. *La Mothe* (5 Abb. N. C., 146), where it was held to be the law that the decease of the client necessarily terminates the authority of the attorney. Besides that, he did not profess in his affidavits to be authorized by any person to make the application, but made it upon the statement that he was the attorney for the plaintiff in the action, not that he still continued to be at the time when the application was made. That he could not state to be the fact, inasmuch as the plaintiff had previously departed this life. As the application to vacate the order was supported, it accordingly should have been granted, for, on the motion of the attorney, the court had no power to allow this defect in the judgment roll to be supplied.

The order should be reversed, with the usual costs and disbursements, and an order entered vacating the *ex parte* order.

Bartlett, J., concurred.

Order reversed, with ten dollars costs and disbursements, and order entered vacating the *ex parte* order.