SAMUEL ANDERSON, *appellant*, and DANIEL ANDERSON, *respondent*.

Where a party in chancery, in whose favor a decree or order has been made, *dies* after the entry of the decree or order, and *previous* to the service of notice of the same, and the opposite party is desirous to *appeal* to the court for the correction of errors, his course is to defer the prosecution of the appeal until the suit has been *revived* in chancery in favor of the proper representatives of the deceased, and due notice given him of the decree or order by the solicitor of the substituted parties. Notice given by the solicitor of the party *deceased*, may be regarded as nullity.

So where there is an abatement *after notice of appeal*, and *before* the petition of appeal is presented, *it seems*, the practice is to revive the cause in the inferior court, by bringing in the representatives of the deceased party; but where either party dies *after* the appeal is presented in the appellate court, the practice is to bring in the proper parties. It is not necessary in such case to revive the cause in the inferior court, as was done in *Wilson* v. *Hamilton*, 9 *Johns. R.* 442.

*It seems*, that if a party in whose favor the decree was made should die *after* notice of the decree given to the opposite party, and within the *fifteen days* allowed for appealing, that an appeal would be held valid if the petition of appeal and the bond required by statute in cases of appeal were *dated* as of a day anterior to the death of the deceased party.

Where an appeal was made after a suit abated, and before a revival in the court below, and a bond was executed to the representatives of the deceased party, *it was held*, that the bond was void and the appeal irregular, and the proceeding was accordingly dismissed.

THIS was a motion to *dismiss an appeal* from an interlocutory order of the court of chancery. The appellant, who was the defendant in the court below, made a motion before the chancellor on the 6th of September, 1837, which was denied by the chancellor on the 27th August, 1838. Daniel Anderson, the respondent, who was the complainant below, having died in the month of May, intermediate the hearing and the decision, the order of the chancellor denying the motion was, by his direction, entered *nunc pro tunc*, as of the time the motion was heard. On the 11th September, 1838, the solicitor for Daniel Anderson in his lifetime, served notice of the chancellor's order on the solicitor of the appellant, Samuel Anderson, who thereupon, within the *fifteen days* allowed for appealing from interlocutory

decrees, appealed to this court, and executed a bond "unto Daniel Anderson, if living, and if not living, then to his executors, administrators or representatives and heirs, and to those who may succeed to the rights of the said Daniel Anderson in the subject matter of the suit mentioned in the recital of this bond."

*J. Rhoades,* for the motion.

*A. Taber & S. Stevens,* opposed.

After advisement the following opinion was delivered :

By Mr. Justice Bronson. 'The party has fifteen days after notice of an interlocutory decree or order of the court of chancery within which to appeal to this court. 2 *R. S.* 605, § 79. Knowledge of the order is not enough ; there must be a formal written notice to the party or his solicitor, before the fifteen days will commence running. *Jenkins* v. *Wild,* 14 *Wendell,* 539. In this case the suit abated by the death of the complainant. It could not be further prosecuted, nor could any thing be done to prejudice the rights of the defendant, until the suit had been revived in favor of the proper legal representatives of the deceased. The authority of the complainant's solicitor was at an end, and the notice which he gave of the chancellor's order was a nullity. The defendant was in no danger of losing his appeal. He could only be precluded by a revival of the suit, and a notice of fifteen days from the new party complainant or his solicitor.

The attempted appeal was not only unnecessary for the saving of the defendant's right of review, but was, I think, irregular and void. In cases not otherwise provided for, this court on appeal follows the practice of the house of lords in England. *Rule* 33. When either party dies after the appeal has been presented to the lords, the practice is to revive the appeal by bringing in the heir at law or personal representative of the deceased party. It is not necessary in such cases to revive the cause in the inferior court, though that course was formerly considered

indispensable. When there is an abatement after a notice of appeal and before the petition of appeal has been presented in the house of lords, the usual, if not the uniform, course is, to revive the cause in the inferior court, and then make the representatives parties to the appeal. *Palmer's Prac. in House of Lords*, 80, 81. *Sydney's Appeal Prac.* 110. *Rogers* v. *Paterson*, 4 *Paige*, 409. Where the suit abates before an appeal is commenced, I do not find that there ever has been an appeal until after a revival of the cause in the court below, by or against the proper legal representatives of the deceased party. It is possible that this court would sanction an appeal in such a case, if it were necessary to reserve the right of review ; as in a case where the party in whose favor the decree was made should die after notice to the other party of the decree and within the fifteen days allowed for appealing. Under such circumstances, if the petition of appeal and the necessary bond were dated of a time anterior to the death of the party in whose favor the decree was made, the appeal might, perhaps, be held valid. But it is not necessary to decide that question on the present occasion.

The course pursued in this case is not only without the sanction of precedent, but was not essential to the rights of the appellant. And besides, there was no bond " to the adverse party," and without it, the statute declares that the appeal " shall not be effectual for any purpose." 2 *R. S.* 605, § 80. The bond executed in this case was not aided by the provision, 2 *R. S.* 556, § 33. It was, I think, defective in substance, and utterly void.

In *Wilson* v. *Hamilton*, 9 *Johns. R.* 442, there was an abatement after the case had been brought into this court by appeal, and the cause was remanded to the court of chancery for the purpose of bringing in the new parties. This was done on the ground, as was said, that, " this court does not possess original jurisdiction, so as to award process to bring in the parties whose interest has accrued since the appeal was filed." This case goes further than is necessary to overturn the present appeal. But I

only refer to it because it relates to the subject, and not as an authority against the appellant, for the reason that I think the decision proceeded upon a mistake of the practice, and ought not to be followed. When a cause has been regularly brought here by appeal, and an abatement by death or otherwise afterwards happens, there can be no doubt that this court possesses the means of exercising its jurisdiction, without invoking the aid of the subordinate tribunal. The practice of the house of lords on appeals, which we profess to follow, has settled that question.

The appeal was irregular, and should be dismissed. There has been a mistake on both sides—by one party in giving notice of the order, and by the other in attempting an appeal—and no costs should be awarded.

The following order was made by the court :

*Ordered,* That the appeal be dismissed without costs, and without prejudice to the right of the defendant below to appeal from the order of the court of chancery within fifteen days after the suit shall have been revived in that court, and notice shall have been given by the new party complainant of the order appealed from.