## McGRATH vs. McGRATH'S ADMR'S.

[FINAL SETTLEMENT AND DISTRIBUTION OF DECEDENT'S ESTATE.]

1. *Widow's dissent from husband's will; what is sufficient.*—Where a
widow executes in writing her dissent from her husband's will, and
hands it to a friend, with instructions to file it in the office of the
probate judge, and then dies; if the dissent is filed by the person to
whom it was entrusted, after her death, but within the period pre-
scribed by the statute, (Code, § 1610,) this is a sufficient compliance
with the requisitions of the statute.

APPEAL from the Probate Court of Macon.

IN the matter of the final settlement and distribution of
the estate of Roger McGrath, deceased, by David Clopton,
his executor. E. B. Zachery and Samuel Cooper, as admin
istrators of Mrs. Nancy McGrath, deceased, who was the
widow of said Roger McGrath, appeared on the settlement,
alleged that their intestate had dissented from her husband's
will within the time prescribed by law, and claimed the
share of the estate to which she would have been entitled
if her husband had died intestate. Their claim was resist ed
by Dennis McGrath, one of the legatees under the will of
Roger McGrath; and an issue was thereupon formed be-
tween them. To prove a dissent from the testator's will
by their intestate, the administrators introduced one Mitchell

as a witness, who testified, "that said Nancy McGrath, on the 19th August, 1858, at his house, and in his presence, signed a paper, purporting to be a dissent from said last will and testament, and gave it to him, with instructions to file it in the office of the probate judge of said county; that he called at the office of the probate judge, between sunset and dark of the same day, to file said paper, but found the office closed; that said Nancy died suddenly on the 21st August, 1858, and that said paper was filed in said office on Monday thereafter, which was the 23d day of August, 1858. It was admitted, that said Roger Mc-Grath died in April, 1858; that said Nancy McGrath was his widow, and that they had no children. This being all the evidence, the probate court decided, that the dissent was valid"; to which said Dennis McGrath excepted, and which he now assigns as error.

R. F. LIGON, for appellant.

GRAHAM, MAYES & ABERCROMBIE, contra.

R. W. WALKER, J.—Sections 1609 and 1610 of the Code are in the following words:

"§ 1609. The widow may, in all cases, dissent from the will of her deceased husband, and, in the place of the provision made for her by such will, take her dower in the lands, and of the personal estate such portion as she would have been entitled to in case of intestacy.

"§ 1610. Such dissent must be made in writing, and deposited, within one year from the probate of the will, with the judge of probate of the county in which the will is probated; and an entry thereof, specifying the day on which the dissent was made, made of record."

Confining our decision to the precise facts of this case, we hold, that they show a substantial compliance with the foregoing provisions of the Code. The widow executed and published her dissent in writing, and manifested her purpose to have it deposited with the probate judge, by handing it to a friend, with instructions to file it. Where

a widow, who has executed her dissent in writing, manifests, by some unmistakable act, her purpose to have it deposited with the proper officer, within the time prescribed by law, and actually sets on foot measures to have it done, and then dies before the deposit is made, without having, prior to her death, indicated in any way a desire to recall or revoke her dissent; and the dissent is, after her death, but within twelve months after the probate of the will, deposited with the probate judge, we think that the requisitions of the statute are satisfied. If the dissent had been simply found among the papers of the widow after her death, and then deposited by her representative, or by some third person, the question presented would have been very different. It will be time enough to decide that question when it arises. For the present, we limit our decision to the facts of the case before us.

Decree affirmed.