CHURCH and others, Appellants, vs. McLAREN, Executor,
Respondent.

*April 13 — May 2, 1893.*

*Wills: Election by widow to take provision made by law.*

1. The right of a widow, under secs. 2170–2172, R. S., to elect to take
   the provisions made for her by law intead of a jointure, devise, or
   other provision, is a personal privilege, and her election, to be op-
   erative, must be completed within her lifetime by the filing of the
   notice in court.

[2. Whether, when no provision is made for a widow in the will of her
   husband, she has a right to elect to take the provision made for her
   by law, not determined.]

APPEAL from the Circuit Court for *Milwaukee* County.
Robert Gunyon and Fanny Gunyon, his wife, were child-
less, and much advanced in years. The former made his

will February 10, 1892, without making any provision whatever by it in favor of his wife, and died four days thereafter. The latter also made her will, and on the 25th of the same month, and after the death of her husband, she sealed and acknowledged her election, "in case of the allowance of any will or codicil of my late husband, Robert Gunyon, to take the provision made by law, instead of the provision made by will or codicil," and died on the 3d of March next thereafter, testate. On the 14th of April following, the will of Robert Gunyon, deceased, was admitted to probate, and on the same day the executor of his widow produced and filed in the county court her said election, and the executors of her husband filed a petition asking that it be stricken from the files, and that the court decree the rights of the widow and her executor, and adjudge what part and portion of the estate was subject to her rights, etc., and the executor of Fanny Gunyon, deceased, demurred thereto. The county court decided that "the election of said widow was duly made and filed, and that pursuant thereto she and the legal representatives of her estate are entitled to the same dower and homestead rights as if said Robert Gunyon, her husband, had died intestate leaving lawful issue, and also to one third part of his personal estate, as provided by R. S. sec. 2172, as amended." The demurrer to the petition was accordingly sustained, and the petition was dismissed, with costs. The executors of Robert Gunyon, deceased, appealed to the circuit court, where the decision so appealed from was affirmed, and they thereupon appealed from such judgment of affirmance.

For the appellants *John Church* and *Frederick Kauwertz,* executors of the will of Robert Gunyon, there was a brief by *Frank J. Lenicheck;* for the appellant, *Franklin A. Becher,* guardian *ad litem* of minor residuary legatees, there was a brief by *Dalberg & Becher;* and the cause was argued orally by *Mr. Lenicheck.*

For the respondent there was a brief by *Miller, Noyes & Miller*, and oral argument by *Geo. P. Miller*. To the point that the widow has the right to elect to take the provision made for her by law, even though she was not mentioned in the will, they cited *Cunningham's Estate*, 137 Pa. St. 621.

PINNEY, J.   The statute (sec. 2170) provides, in substance, that if a jointure or pecuniary provision be made for the wife "she shall make her election after the death of her husband whether she will take such jointure or pecuniary provision, or the share of his estate" thereinafter provided by sec. 2172; and sec. 2171 provides that if any lands be devised to a woman, or other provision be made for her in the will of her husband, she shall make her election "whether she will take the lands so devised or the provision so made, or whether she will claim the share of his estate provided in sec. 2172; but she shall not be entitled to both, unless it plainly appears by the will to have been so intended by the testator." By sec. 2172 it is provided that when a widow shall be entitled to an election under either of the two preceding sections she shall be deemed to have elected to take such jointure, devise, or other provision, "unless, within one year after the death of her husband, *she file in the court* having jurisdiction of the settlement of his estate *notice in writing* that she elects to take the provisions made for her by law, instead of such jointure, devise, or other provision; and *upon filing such notice* she shall be entitled to the same dower in his lands, and the same right to the homestead, as if he had died intestate leaving lawful issue, and the same share of his personal estate as if he had died intestate; provided, that when he shall have died *testate* the share of personal estate which she may so take shall not exceed the one third part of his net personal estate."

Church and others vs. McLaren.

On the part of the executors of the husband it is contended that, as his will made no provision whatever in favor of his wife, no case existed for any election or choice by her, and that the will of her husband operated to exclude her entirely from the benefit of the provisions of sec. 2172, and that her so-called election to take against or contrary to the provisions of his will was wholly inoperative; that in any view of the case her so-called election was ineffectual and void, because it was not filed in the proper court during the lifetime of the widow of the testator. The first question is one of difficulty in view of the very general testamentary power of the husband, and the fact that the rights of the wife are made to depend upon statutory provisions of a positive and arbitrary nature. In *Albright v. Albright*, 70 Wis. 528, attention was called to the difficulty felt to exist, and, as it is not necessary now to decide the question, we mention it again, so that the legislature in its wisdom may settle the uncertainty in accordance with the wise and liberal policy of our laws in favor of the wife.

Without a valid election to take against the will of Robert Gunyon, deceased, or renunciation of its provisions, the personal representative of his widow, Fanny Gunyon, cannot, it is conceded, have the benefit of the provisions of sec. 2172 as to the personal estate of the testator; all right which she might have had to the homestead and to dower in her husband's real estate having expired at her death. The right to make such election or renunciation is purely a personal privilege of the widow, and is terminated by her death. It is not a property right which survives to her representatives or heirs. To be operative it must be complete within her lifetime, and by the statute it is required to be by notice filed in the court within one year after the death of her husband; "and upon filing such notice, she shall be entitled," etc., as in the statute stated. Until filed

in court she may reconsider it and claim under the will. It is giving of the notice *by filing it* which is made by the statute the operative act of election or renunciation, and where a right grows out of an election it cannot arise or come into existence until the election is complete. It is well settled that the election in such case cannot be made by any one in her name or otherwise, after her death. Schouler, Dom. Rel. § 206; *Sherman v. Newton,* 6 Gray, 307; *Atherton v. Corliss,* 101 Mass. 44, 45; *Crozier's Appeal,* 90 Pa. St. 384; *Jackson's Appeal,* 126 Pa. St. 105, 107, 108; *Welch v. Anderson,* 28 Mo. 293. It does not appear in what way the election executed by the widow came to the hands of her executor, but presumably with her other papers. Had she, however, delivered it to him or to any other person with instructions to file it in the proper court, this would have created a mere agency which would have been certainly terminated by her death. For these reasons the claims of the executor of Fanny Gunyon cannot be sustained, and the judgment of the circuit court in his favor is erroneous and must be reversed.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded to that court with directions to reverse the order of the county court and to remit the cause to that court for further proceedings according to law.