In re ROBBINS et al.

(Supreme Court, Special Term, Kings County.   November 23, 1908.)

1. ATTORNEY AND CLIENT (§ 182*)—ATTORNEY'S LIEN—SPECIAL PROCEEDING.

Under Code Civ. Proc. § 66, providing that from the commencement of a special proceeding the attorney appearing for a party has a lien on his client's cause of action which attaches to the report or final order in his client's favor, and the proceeds thereof, an attorney retained in proceedings to open a street described in the retainer as "In re Brooklyn Avenue between Linden and Clarkson Avenues," which, though proposed, was never instituted as a special proceeding, was not entitled to a lien on a subsequent report in favor of his client in proceedings to open Brooklyn avenue from Paerdegat Basin to Clarkson street.

[Ed. Note.—For other cases, see Attorney and Client, Dec. Dig. § 182.*]

2. ATTORNEY AND CLIENT (§ 174*)—ATTORNEY'S LIEN—APPEARANCE BY ATTORNEY—DEATH OF CLIENT.

Since Code Civ. Proc. § 66, gives a statutory lien on proceeds of a report only to an attorney who appears for a party, an attorney for a client interested in street opening proceedings who died .prior to the actual institution of the proceedings in which a report in favor of the client's executors and trustees was rendered had no statutory lien thereon.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 376; Dec. Dig. § 174.*]

3. ATTORNEY AND CLIENT (§ 76*)—RETAINER—DEATH OF CLIENT—EFFECT.

Where an attorney retained to represent a landowner in certain street opening proceedings tendered his services to his client's executors and trustees, the client having died prior to the actual institution of the proceedings, the executors and trustees were not bound to accept the tender, but might properly employ other counsel.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 127; Dec. Dig. § 76.*]

4. ATTORNEY AND CLIENT (§ 76*)—RETAINER—NATURE OF CONTRACT.

While an attorney's retainer is entire, the client may discharge the attorney arbitrarily and without cause, subject only to a liability for the services rendered up to the time of discharge.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 122; Dec. Dig. § 76.*]

5. ATTORNEY AND CLIENT (§ 76*)—DEATH OF CLIENT—TERMINATION OF EMPLOYMENT.

An attorney's retainer ceases on the death of the client, and he cannot act for the representatives of or for the successors in interest of the deceased without a new retainer.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 127; Dec. Dig. § 76.*]

Application of Clarence H. Robbins and others as trustees under the will of Aaron S. Robbins, deceased, for the determination of an

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

attorney's lien filed by Clarence C. Ferris against an award of damages made to the executors and trustees in proceedings to acquire title to lands, etc., required for the opening of Brooklyn avenue from Paerdegat Basin to Clarkson street, Twenty-Ninth ward of the borough of Brooklyn, city of New York. Lien disallowed.

M. E. Finnigan, for the motion.

Lexow, Mackellar & Wells (George M. Mackellar, of counsel), opposed.

STAPLETON, J. The executors of and trustees under the will of Aaron S. Robbins, deceased, institute this proceeding to have determined a lien of an attorney at law filed by Clarence C. Ferris against a certain award made to the executors and trustees in certain proceedings in condemnation instituted by the city of New York under the Greater New York charter to acquire title to the lands, tenements, and hereditaments required for the purpose of opening Brooklyn avenue from Paerdegat Basin to Clarkson street in the Twenty-Ninth ward of the borough of Brooklyn. They seek a judicial determination that there is no lien which the attorney can assert. The attorney does not question the appropriateness of the proceeding, evidently conceding that the power to determine the lien (section 66, Code Civ. Proc.) involves the right to declare whether or not a lien exists.

The parties are in substantial accord as to the facts. However, the following facts chronologically stated are established to my satisfaction:

November 17, 1899, the testator of the petitioners signed and delivered to the attorney a retainer, which read as follows:

"Clarence C. Ferris, Attorney and Counselor at Law, 35 Wall Street, Mills Building, New York.

"New York, November 17th, 1899.

"I, Aaron S. Robbins, 114 Sixth Avenue, Brooklyn, N. Y., owner of the premises described below, authorize Clarence C. Ferris, Esq., to take all lawful proceedings to obtain compensation for the lands, buildings and rights proposed to be taken for the opening of streets, avenues and public places through or affecting property situate in the borough of Brooklyn, 29th Ward. In re N. Y. Ave. & Brooklyn Ave. bet. Linden & Clarkson Aves., also intersecting streets.

"I agree to pay him for all services ten per cent. of the amount awarded for damages. No other compensation whatever, either for expert witnesses' fees or for any other disbursements, is to be paid to him.

"Map.      Plot.      Lot.      Name.      A. S. Robbins.
"Address: 114 Sixth Ave. Brooklyn, N. Y."

Subsequently, and during the lifetime of the testator, proceedings were instituted to acquire property for the opening of New York avenue, an award was made to the owner, and 10 per centum thereof paid to the attorney under the retainer.

May 8, 1902, the local board of public improvement of the Flatbush district passed a resolution to open Brooklyn avenue. That resolution was approved by the board of estimate and apportionment June 20, 1902. Subsequently commissioners of estimate and ap-

portionment were appointed by this court in a proceeding which was thereafter discontinued.

June 11, 1903, a resolution was passed by the local board to open Brooklyn avenue, which resolution was amended November 16, 1903. June 30, 1904, the local board rescinded the last-stated resolution, and passed a resolution initiating proceedings to open Brooklyn avenue.

The testator departed this life July 3, 1904. His will was admitted to probate and letters testamentary issued to petitioners herein named as executors therein and trustees thereunder on July 12, 1904. The local board resolution of June 30, 1904, was approved by the board of estimate and apportionment on February 3, 1905, and on that day the board of estimate and apportionment passed a resolution directing the corporation counsel to institute proceedings pursuant to the provisions of section 970, Greater New York Charter, to acquire title to the land in Brooklyn avenue from Paerdegat Basin to Clarkson street, in the Twenty-Ninth ward of the borough of Brooklyn. June 3, 1905, commissioners of estimate and assessment were appointed by order of this court entered in the office of the clerk of the county of Kings on that day. The attorney appeared before these commissioners on December 11, 1905, and tendered his services to the executors and trustees. They declined his offer. December 18, 1905, he again appeared and was confronted by an attorney selected by the executors and trustees who appeared and claimed the right to appear for them. At this meeting Mr. Ferris caused his agreement to be spread upon the minutes, and demanded the right to appear for the executors and trustees. The commissioners denied his right, basing their denial on the stated ground that his authority and rights under his retainer were determined by the death of his client, and to that ruling he stated he excepted. He rendered no service to the executors and trustees in the condemnation proceeding. July 25, 1908, the report of the said commissioners (in which they awarded to the petitioners herein, the executors, and trustees the sum of $9,621.99 as damages for taking the real estate designated as damage parcels 3, 4, and 5, in said proceeding of which testator died seised) was confirmed by this court. June 27, 1908, the attorney filed the following notice in the office of the comptroller of the city of New York:

"Supreme Court, Second Department.

"In the Matter of Acquiring Title to Brooklyn Avenue from Paerdegat Basin to Clarkson Street, in the Twenty-Ninth Ward, Borough of Brooklyn, City of New York.

"To Honorable Herman A. Metz, Comptroller of the City of New York.

"Sir: Please take notice that as attorney for and assignee of Aaron S. Robbins, I have a lien upon all moneys payable for and on account of the awards made for damage parcels numbers 2, 3, 4 and 5, in the report of the commissioners of estimate and assessment in the above entitled matter to the extent of 10% of all moneys payable on account of said awards, which as stated and confirmed in the report of said commissioners, amount to $9,621.99 besides the interest due thereon; and that said percentage was duly assigned to and vested in me by the said Aaron S. Robbins and I hereby re-

quire of you that no payment be made on account of said awards until my said claim thereon shall have been satisfied and discharged.

"Dated New York, June 27th, 1908.

"Yours, etc.,　　　　　·　　　　　Clarence C. Ferris,

"Atty. and Counselor at Law, 35 Wall Street, New York City.

"Filed June 27, 10:54 a. m., 1908."

The skill and industry of counsel and the investigation of the court have failed to discover an authority in which the legal question presented by these facts has been precisely determined, but in my judgment difficulty in solution is readily overcome by the application of established principles and the adoption of controlling analogies. It might be held, if necessary, that the attorney against whom the retainer should be strictly construed (McIlvaine v. Steinson, 90 App. Div. 77, 85 N. Y. Supp. 889) was not employed in the proceeding upon the award in which he claims a lien. His employment was in a proceeding designated in the instrument "In re Brooklyn Avenue between Linden and Clarkson Avenues," which may have been proposed but never was instituted as a special proceeding, and, as the lien claimed is a statutory one, it only attaches to the proceeds of the report in such a proceeding. Section 66, Code Civ. Proc. It is only an attorney who appears for a party who can assert a statutory lien upon the proceeds of a report. A decedent who died July 3, 1904, obviously could not be a party to a proceeding in which the order appointing the commissioners of estimate and assessment was entered June 3, 1905. The precise date of the institution of the proceeding is not volunteered by either of the parties. It appears it was not authorized until February 3, 1905, and the corporation counsel was by law required immediately thereafter to institute the proceeding (section 973, Greater New York Charter [Laws 1901, p. 407, c. 466]), and it must be assumed he discharged that duty. The attorney invites the inference that he rendered some service in the preliminary proceeding before the local board and the board of estimate and apportionment, but he sedulously refrains from stating any facts from which such an inference could be deduced. Had he done so, such services would have been gratuitous. He was employed not to inspire or project public improvements, but explicitly to take all lawful proceedings to obtain compensation for lands proposed to be taken for opening a street. He rendered no service to that end, and could render none owing to the death of his employer and the consideration for his executory contract of employment wholly failed. Spears et al. v. Mayor, etc., City of New York, 87 N. Y. 359, 371. He claims a tender of performance, not to his quondam client who was not in being, but to the executors of and trustees under that client's will whose contracts for services to be rendered would be personal. O'Brien v. Jackson, 167 N. Y. 31, 33, 60 N. E. 238, and cases cited. They prudently declined the proffer and properly made their own selection.

In Tenney v. Berger, 93 N. Y. 524, 529, 45 Am. Rep. 263, the court, per Earl, J., says:

"While the attorney is thus bound to entire performance, and the contract as to him is treated as an entire contract, it is a singular feature of the law that it should not be treated as an entire contract on the other side; for it

is held that a client may discharge his attorney, arbitrarily, without any cause, at any time, and be liable to pay him only for the services which he has rendered up to the time of his discharge."

Every attorney enters into a contract of employment and for compensation in contemplation of this rule, charged with full knowledge that he may never perform, as his client may not keep him, as the death of either may dissolve the relationship and determine the contract in which events he may not claim the stipulated compensation, but will be simply entitled to pay for the services which he has actually rendered. Johnson v. Ravitch, 113 App. Div. 810, 812, 99 N. Y. Supp. 1059; Roake v. Palmer, 119 App. Div. 65, 103 N. Y. Supp. 862. It has been repeatedly decided that the power of an attorney to act for his client ceases on the death of the latter and he cannot act for the representatives of or successors in interest to the deceased without a new retainer. Austin v. Munroe, 4 Lans. 67, 68, affirmed 47 N. Y. 360; Palmer v. Reiffenstein, 1 Manning & Granger, 94, 96. The attorney in this proceeding, not having appeared for a party to the proceeding on the proceeds of the report in which he claims a lien, not having rendered any services contemplated by the parties thereto at any time under the retainer as to the Brooklyn avenue proceeding, his client having died prior to the institution thereof, is not entitled to a lien for any sum either as stipulated pay because he did not and could not perform or as compensation for services actually rendered, because he rendered none.

An order may be entered determining that the attorney has no lien upon the proceeds of the report confirmed by this court by the order entered July 25, 1908, in the proceedings hereinbefore described.