# Beck's Estate.

*Wills—Widow's election—Act of April 21, 1911, P. L. 79—Estoppel—Delay.*

1. Where a widow files with the register of wills an election to take under her husband's will, but does not acknowledge it or serve it upon the executor, she is not estopped thereby from subsequently executing and acknowledging an election to take against the will, addressed to and given to the executor with a request that it be duly recorded as required by the Act of April 21, 1911, P. L. 79.

2. In such a case the widow does not lose her right to take against the will by a delay of fifteen months in making her election; **nor**

can the executor claim an estoppel against her election, because he paid certain monthly sums to her for the support of herself and children, no rights of third parties having intervened. Such moneys can be accounted for on settlement of the estate.

Argued April 21, 1919. Appeal, No. 125, Jan. T., 1919, by Elsie B. S. Beck, from order of O. C. Centre Co., Estate No. 9037, discharging rule on executor to show cause why a widow's election to take under the will of her husband should not be declared void, and why she should not be permitted to take against the will, in Estate of Robert A. Beck, deceased. Before BROWN, C. J., FRAZER, WALLING, SIMPSON and KEPHART, JJ. Reversed.

Rule on executor to show cause why the election of the widow to take under the will of her husband should not be declared void, and why she should not be permitted to take against the will. Before QUIGLEY, P. J.

The court discharged the rule. The widow appealed.

*Error assigned* was order discharging the rule.

*Guy W. Bange,* of *Ehrehart & Bange,* with him *W. G. Runkle,* for appellant.—One is not bound to elect until he is fully informed of the relative value of the things he is to choose between; and if he makes an election before the circumstances necessary to a judicious and discriminating choice are ascertained, he will not be bound: Kreiser's App., 69 Pa. 194; Woodburn's Est., 138 Pa. 606; Elbert v. O'Neil, 102 Pa. 302; Bierer's App., 92 Pa. 265; White's Est., 23 Pa. Superior Ct. 552; Flynn v. Parker, 256 Pa. 186; Koone's App., 4 Walk. 235.

The rule permitting a widow to retract her former election applies with especial force where the widow is called upon, as in this case, to make her election shortly after her husband's death: Woodburn's Est., 138 Pa. 606; Elbert v. O'Neil, 102 Pa. 302; Capwell's Est., 26 Pa. C. C. R. 399.

We contend that the widow's election in this case is a nullity, because it does not comply with the provisions of the Act of April 21, 1911, P. L. 79: Johnson's Estate, 244 Pa. 600.

*Harry Keller*, for appellee, cited: Cauffman v. Cauffman, 17 S. & R. 16; Heron v. Hoffner, 3 Rawle 393; Light v. Light, 21 Pa. 407; Cox v. Rogers, 77 Pa. 160; Haskell's Est., 212 Pa. 469; Bradfords v. Kents, 43 Pa. 474; Wise v. Rhodes, 84 Pa. 402; Powell's Est., 225 Pa. 518.

OPINION BY MR. JUSTICE WALLING, May 12, 1919:

This proceeding in the orphans' court is to determine the right of a widow, under the facts found, to take against the will of her late husband. Robert A. Beck died May 17, 1915, testate, and by his last will all his estate, mostly personalty and amounting to over $20,000, is given to the Bellefonte Trust Company in trust, inter alia, to pay his widow, the appellant, $50 a month for the first five years and thereafter $60 a month for the support of herself and their two minor children; and stipulating that the widow's interest in the estate shall cease and determine upon her death or remarriage. The trust company was also appointed and qualified as executor of the will. Four days after testator's death the will was read to the widow, who expressed satisfaction therewith, and three days thereafter, in the presence of her attorney, signed an election to take under it. This was directed to the register of wills and filed in his office, but not acknowledged nor delivered to the executor. Mrs. Beck did not then know the amount of the estate; however, shortly thereafter an inventory was taken, but no account has been filed nor settlement made, although the $50 a month has been regularly paid; and in the fall of 1915 the orphans' court, on her application, allowed $10 a month additional for the support of the children, to be paid from the income of their estate. In August, 1916,

the widow executed and acknowledged an election to take
against the will of her deceased husband, which was ad-
dressed to and given the executor, with a request that it
be recorded in the office for the recording of deeds and
the office of the register of wills of Centre County, as
required by Act of April 21, 1911, P. L. 79. This was de-
clined by the executor and the paper returned to Mrs.
Beck, whereupon she filed her petition in this case pray-
ing for an order requiring the executor to record her elec-
tion last above stated and that the same be deemed and
taken as her sole and only election, and that the one first
above stated be decreed void and of no effect. To which
the executor filed answer and testimony was taken and,
upon due consideration, the court below held her election
to take under the will valid and refused her petition;
from which she brought this appeal.

The relief prayed for should have been granted, as the
case is governed by the Act of 1911, supra, Purden's Di-
gest (13th ed.), vol. 7, p. 7766, which provides that, "1.
Surviving husbands or wives electing to take under or
against the wills of decedents shall, in all cases, manifest
their election by a writing signed by them, duly acknowl-
edged by them before an officer authorized by law to take
the acknowledgment of deeds, and delivered to the execu-
tor or administrator of the estate of such decedent.

"2. No payment from the estate of such decedent shall
be made to any husband or wife unless his or her election
shall have been duly executed, acknowledged and deliv-
ered, as provided by the first section of this act."

The act contains a further provision for the recording
of such election in the office for the recording of deeds
and thereafter in the office of the register of wills. The
requirements as to execution, acknowledgment and de-
livery are mandatory, and, as appellant's election to take
under the will was neither acknowledged nor delivered to
the executor, it was ineffective and did not preclude her
from electing to take against it. The language of the
statute is plain and its meaning emphasized by expressly

excluding the delinquent party from all share in the estate until the election has been made as therein required. The manifest intent was to promote certainty in the settlement of estates. Those provisions of the Act of 1911 do not seem to have been heretofore construed by an appellate court, but so far as passed upon by the lower courts the conclusion appears to be in harmony with that above stated. In Johnson's Est., 244 Pa. 600, the statutory requirements were complied with. Under prior statutes, containing no such provisions, the rule was different, then an election, even in pais, if advisedly made and clearly proven was sufficient.

Mrs. Beck did not lose her right to take against the will by a delay of fifteen months in making her election. A much longer time has often been allowed; and, under the Act of March 29, 1832, sec. 35, P. L. 190, Purdon's Digest (13th ed.), vol. 1, p. 1277, a widow cannot be called upon to make her election until after the expiration of a year. Nor is she estopped from electing to take against the will. The extra $10 a month was outside of the will and for the support of the children, and whatever she received from the monthly payments can be accounted for on settlement of the estate. Such payments were for the mutual benefit of the widow and children. No rights of third parties have intervened and the estate is not yet settled. The executor (appellee) cannot claim an estoppel against the widow because of money it paid her in contravention of the statute. It is not deemed necessary to consider the other features of the case.

The decree is reversed and the prayer of the petitioner granted, costs to be paid by the estate.