**CAHILL et al. v. EBERLY.**

No. 5020.

Court of Appeals of District of Columbia.

Argued Jan. 6, 1930.

Decided Feb. 4, 1930.

Ralph B. Fleharty, of Washington, D. C., and E. L. Stinchcomb, of Baltimore, Md., for appellants.

G. W. Offutt, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice.

This appeal raises the question (a) whether a widow was obliged under the circumstances to file a statutory renunciation in order to take under the law rather than under the will of her deceased husband, and (b) if so, whether her declarations and acts subsequent to the probating of the will amounted in law to such a renunciation. The controlling facts in the case are conceded.

Samuel G. Eberly, a resident of the District of Columbia, died testate on August 24, 1927, leaving a widow, Amelia E. Eberly, and four children by a prior marriage. He left no issue of the later marriage, nor does it appear that his widow had any living children. His last will and testament, which was dated April 9, 1918, was filed with the register of wills on August 29, 1927, and was admitted to probate on September 12 of the same year, and the appellee regularly became the executor of the estate. The widow formally consented to the probate of the will, but expressly reserved the right to renounce the provisions made for her therein, and to elect to take under the law.

In item 2 of the will, the testator devised all of his real estate to his executor to be sold by him, the proceeds to be divided into six equal parts, one of which was to go to each of testator's four children, while the remaining two parts were to be retained by the executor for the use of his wife, subject to the limitations and upon the trusts provided in the will with respect to her share of his personal property. In item 3 the testator bequeathed all of his personal property to his executor to be sold by him, the proceeds to be divided into six equal parts, one of which was to go to each of testator's four children, while two parts were to be retained in trust for his wife. In item 4 the testator provided that the shares of the proceeds of his real and personal property allotted to his wife should be hers for her life only, and should be held by the executor or his successors, in trust for her sole and exclusive use and benefit during the period of her natural life, and that the income derived therefrom should be paid over to her in equal semiannual installments so long as she shall live, and that upon her death the executor should divide the same among testator's four children in equal shares. In this item the testator adds the following statement: "It is my will, since my said wife is possessed in her own right of a

competency and an income sufficient for her needs, which said competency and income have been acquired by her chiefly through my aid and effort expended in her behalf both before and since our marriage, that the portion of my estate demised in trust for her use and benefit in this my last will and testament be hers in lieu of her right of dower and any and all claims against my estate."

It is apparent from the language of the will that the testator was the owner of real estate at the time of its execution, but he owned none at the time of his death. His personal estate amounted to about $125,000. The widow was possessed of a separate estate amounting to about $60,000. Immediately after the probating of the will, the widow orally declared her intention to renounce the provisions of the will in her favor and to take the share of her husband's estate given her by law. Soon thereafter she became seriously ill, and on October 11, 1927, she executed her last will and testament, in which she stated that she was entitled to "a widow's share" in the estate of her deceased husband, and made various bequests to his four children, her stepchildren, subject to the proviso that such bequests should be paid out of such money as should accrue to her out of and in connection with the settlement of her deceased husband's estate then in the course of administration.

On October 20, 1927, the widow died, and her will was filed with the register of wills in the District of Columbia on October 26, 1927, and was duly admitted to probate on October 31, 1927. The appellants herein were appointed as administrators of her estate.

In due course, at a time subsequent to the widow's death, the executor of the estate of the deceased husband filed his final account in which he sought to distribute equally to the testator's four children all of the principal of the estate, except for the sum of $205.50, which he proposed to pay over to the administrators of the widow as one-third of the net income of the estate accruing from the date of the testator's death to the date of the death of the widow. The appellants as administrators of the widow's estate excepted to the account, claiming that the widow had not accepted the provisions for her contained in the will of her deceased husband, but had taken under the law. The lower court overruled the exceptions and approved the account, whereupon the administrators brought the present appeal.

The applicable portions of the Code of Laws of the District of Columbia read as follows:

"Sec. 1172. *Devise in Lieu of Dower.*—Every devise of land or of any estate therein, or bequest of personal estate to the wife of the testator, shall be construed to be intended in bar of her dower in lands or share of the personal estate, respectively, unless it be otherwise expressed in the will."

"Sec. 1173. *Renunciation of Devises and Bequests.*—A widow shall be barred of her right of dower in the land and share in the personal estate by any such devise or bequest unless within six months after administration may be granted on her husband's estate she shall file in the probate court a written renunciation to the following effect: 'I, A. B., widow of ———, late of ———, deceased, do hereby renounce and quit all claim to any devise or bequest made to me by the last will of my husband exhibited and proved according to law; and I elect to take in lieu thereof my dower and legal share of the estate of my said husband.' * * *

"By renouncing all claim to any and all devises and bequests, made to her by the will of her husband, she shall be entitled, in addition to her dower, to the distributive share of his personal property, which she would have taken had he died intestate, and, except in cases of valid antenuptial or postnuptial agreements, this provision for the wife shall apply with the effect (without formal renunciation) to cases where the husband has made no devise or bequest to his wife."

"Sec. 1176. *When Nothing Passed by the Devise.*—If, in effect, nothing shall pass by such devise she shall not be thereby barred, whether she shall or shall not renounce as aforesaid, it being the intent hereof that a widow accepting or abiding by a devise in lieu of her legal right shall be considered a purchaser with a fair consideration."

Appellants contend that under section 1176, supra, no statutory renunciation was required of the widow in this instance, and assign as reasons (a) that no benefit accrued to her from the provisions of the will, (b) that the provisions of the will for her are not substantially equivalent in worth to the value of her legal rights, and (c) that the testator made a material misrepresentation of fact in the will concerning the assistance rendered by him in the accumulation by his wife of her separate estate, and accompanied this by an inadequate provision for her.

In our opinion the statutes required the widow in this case to file a renunciation of her rights under the will in order to entitle her to take under the law; and the provisions

of section 1176 did not relieve her of that obligation. The provisions for her contained in the will are substantial. It is true that their value did not equal the value of her rights under the law. They amounted in effect to a request that she should accept a life estate in one-third of testator's property in lieu of the full third outright. This request was not evasive or fraudulent, and under the circumstances may not have been unreasonable. The present case differs from Jordan v. American Security & Trust Co., 38 App. D. C. 391, where a testator having a personal estate of the value of about $20,000, half of which his wife would take on his death in the absence of a will, bequeathed her $10 by his will, and falsely recited that she had already been satisfactorily provided for.

The fact that the widow in the present case died before the maturity of the first semiannual payment of income provided for her by the will is immaterial, for her right to the income had "passed" to her upon the decease of the testator, and could be divested only by her renunciation.

■ The question next arises whether the oral declaration of the widow, and the probating of her will within the period of six months after administration was granted upon the husband's estate, amounted in law to a renunciation under the statute. We think they did not.

The law requires that the renunciation must be in writing and be filed by the widow in the probate court, in terms substantially complying with those set out in the statute. The purpose of these provisions is to preserve a reliable public record of such a renunciation in the office of the register of wills, supplementing the will of the testator, and becoming part of the settlement of his estate, and serving in many cases as part of the record title to the real estate left by the testator. It is plain that mere oral declarations privately made by the widow cannot take the place of such a written renunciation. The will written by the widow in this case was no more than a private declaration of her purpose or understanding. It remained in her possession and under her control and liable to alteration until the time of her death. Up to the time of her decease, therefore, the widow had not filed a statutory renunciation of the will. And the merely fortuitous fact that the will of the widow was probated within six months after letters of administration were issued upon her deceased husband's estate has no relation to the question. Her right to renounce was purely personal, and did not survive her decease. Penhallow v. Kimball, 61 N. H. 596, 597; Fosher v. Guilliams, 120 Ind. 172, 175, 22 N. E. 118; Church v. McLaren, 85 Wis. 122, 125, 55 N. W. 152; Sherman v. Newton, 6 Gray (Mass.) 307–309; Crozier's Appeal, 90 Pa. 384, 387, 35 Am. Rep. 666.

We are therefore of the opinion that the decree of the lower court should, and it is, affirmed with costs.