Frederick Backer, J.
This is a motion to dismiss proceedings which had been instituted by the committee of the incompetent pursuant to sections 17 and 18 of the Decedent Estate Law. By the section 17 proceeding an order was sought authorizing the committee, on behalf of the incompetent, to contest the residuary bequest made by his deceased wife to various charities. By the section 18 proceeding a further order was sought authorizing the committee to elect, in behalf of the incompetent, to take his intestate share in lieu of the provisions of the will of the incompetent’s wife. Answers were filed by the charities in opposition to the committee’s petition in each proceeding. An order was subsequently entered by the court, upon the consent of all interested parties, referring both proceedings to a Referee to take testimony relative to the matters in issue and to report thereon to the court.
Hearings were commenced before the Referee on October 20, 1958 and some 18 hearings were held before him. Considerable testimony and exhibits were received in evidence. Unfortunately, on December 19, 1958, the incompetent died. On that date all of the testimony in the section 18 proceeding had been completed and the Referee had directed submission of briefs. The incompetent died in the interim. No hearings were had in the section 17 proceeding ás the attorneys stipulated that testimony be taken in the section 18 proceeding first and insofar as it applied might be considered by the Referee in the section 17 proceeding. Further testimony, however, was to be submitted and the date on which the hearing was to continue had been fixed.
Since the incompetent died during the pendency of the proceedings, and before adjudication by this court in either proceeding, they abated because of the provisions of sections 17 and 18 of the Decedent Estate Law and section 1383 of the Civil Practice Act. The right to elect against the will under section 18 and the right to contest the will under section 17 are personal rights which had to be exercised during the lifetime of the incompetent. His death terminated all rights to elect and contest under both statutes (Matter of Youngs, 175 Misc. 716; Matter of Banks, 31 N. Y. S. 2d 652; Matter of Coffin, 152 Misc. 619; Matter of Gross, 177 Misc. 716). The right, if not previously exercised, is lost upon the death of the surviving spouse and does not pass to and cannot be exercised by the *651 executor or administrator of his estate (Matter of Froman, 165 Misc. 400, 402; Matter of Ackler, 168 Misc. 623; Matter of Brill, 175 Misc. 236; Matter of Ward, 73 N. Y. S. 2d 456; Matter of Coffin, supra). The right of election under both sections 17 and 18 is a personal right and the representative of the deceased may not exercise it (Matter of Zalewski, 177 Misc. 384). Since the incompetent died during the pendency of the two proceedings, they abated by reason of the provisions of section 1383 of the Civil Practice Act. The right to elect being personal, terminating with his death and not passing to his personal representative, the court has no alternative, in light, of all of the foregoing, but to grant the motion and dismiss the proceedings.
Settle order accordingly in which provision shall be made for the fixation and payment of the Referee’s fee as well as the stenographic bill.