In the Matter of the Estate of AMELIA T. EAGAN, Deceased.

Surrogate's Court, Monroe County, October 23, 1934.

*O'Brien & Emerson, ex parte*, for the surviving husband.

FEELY, S. The surviving husband of this testatrix presented for filing and recording in this court a written notice of his election to take as in intestacy, in preference to her last will, also including in the notice a demand that there be set off to him the property exempted under section 200 of the Surrogate's Court Act. This notice had been subscribed by him personally, but his execution thereof had not been acknowledged. Upon the clerk's refusal to accept it for record, because it lacked a certificate of acknowledgment, the matter was presented to the court.

One of the essential steps in perfecting the right of election is the "filing and recording a copy of such notice with proof of service, in the surrogate's court, where such will was probated." (Dec. Est. Law, § 18, subd. 7.) The necessary implications of that word "recording" are decisive of the point now presented. Under the present statute prescribing a single rule for both descent and distribution, such an instrument as the one in question might affect real property; and charges or releases interests in the estate of the deceased. In view of the variety of such writings that must be so recorded in the Surrogate's Court, the Surrogate's Court Act (§ 16, subd. 6) imposes on the surrogate the duty of

keeping for that purpose " A book in which must be recorded, upon the application of any person, all instruments acknowledged, or proved, and duly certified, * * * charging or releasing any interest in any estate or fund." This language clearly provides that to record such notice of election it should be either duly acknowledged or equivalently proved as to execution by the proper person. In the analogous case of a deed of conveyance presented to a county clerk or register to be recorded in his office, section 291 of the Real Property Law makes such proof of execution a condition precedent to recording, where it provides that " A conveyance of real property, within the State, on being duly acknowledged * * * or proved, * * * may be recorded." This necessity is also recognized by the General Construction Law, which provides, in section 11, that when the execution of any instrument is " required by law to be acknowledged, or to be proven, so as to entitle it to be filed or recorded in a public office," the form of acknowledgment may be the same as in the case of a conveyance of land. So, it has been held that the county clerk cannot be compelled to accept for record even an acknowledged instrument that is not also properly authenticated as it should have been. It has also been held that in the case of a paper signed by several, but not properly acknowledged by some of them, the county clerk cannot be compelled to index it to the name of one whose acknowledgment thereof was defective. (*People ex rel. Oaklawn Corp.* v. *Donegan*, 226 N. Y. 84.)

In *Matter of Coffin* (152 Misc. 619), Surrogate WINGATE — while deciding only that a notice of election, although executed and acknowledged, must be filed and recorded in the lifetime of the elector — correctly stated, in passing, that it " would certainly appear to be the better practice " to have the notice of election carry a certificate of acknowledgment, notwithstanding section 18 of the Decedent Estate Law, unlike the statutory provisions of other States, does not explicitly and in so many words require the notice of election to be either signed or acknowledged by the one to whom that privilege is extended as a " personal right." However, the connotation of the terms of art that were used by experts in framing this section 18 made such explicitness unnecessary, because it has long been elementary throughout most of the States in the Union that one of the main conditions precedent to spreading on the public records, or the record of a court, a writing having to do with or underlying a proceeding or claim in rem, has been a statutory form of proof, before a public officer, both of the identity of the person purporting to have signed such writing, and also of this same person having expressly committed

himself to it, by his signature, as and for his own act and deed. " It is the decided weight of authority that the purpose of such a statute is to entitle the conveyance to be recorded. A compliance therewith is essential to a valid record." (23 R. C. L. 184, citing *Waskey* v. *Chambers*, 224 U. S. 564.) (See, also, 26 A. L. R. 1538.)

Under the rule, therefore, that statutes in *pari materia* are to be construed together and in the light that each throws on the other, the provision for " recording " in the Surrogate's Court the notice of election contained in subdivision 7 of section 18 of the Decedent Estate Law must be read in harmony with subdivision 6 of section 16 of the Surrogate's Court Act, that requires any writing, such as this notice of election, that charges or releases any interest in any estate or fund, to be acknowledged or proved, the notice of election presented for record herein, although subscribed by the electing spouse, but without bearing a written certificate of his due acknowledgment of the execution of the same, was not entitled to be filed or recorded in this court; and was, for that reason, invalid and ineffectual toward perfecting the right to elect to take as against the last will of this testatrix.