George E. Severson, S.
This is a proceeding to determine the validity of an alleged notice of election filed by the surviving spouse of the decedent, and to summarily dismiss the notice and the answer in this proceeding. Notice in this proceeding was also given to all legatees mentioned in the will. Only the respondent surviving spouse filed an answer to the petition.
The petition on behalf of the executors alleges that decedent died February 8, 1975 a resident of this county. Her will, dated July 3, 1974 and codicil dated November 29, 1974 were duly probated in this court and letters testamentary issued thereon March 13, 1975. The will made no provision for John M. Finn, the surviving spouse. On July 11, 1975 a purported notice of election was filed on behalf of the surviving spouse. The claim is made in the petition that the notice of election has not been served, filed and recorded as required by law. The notice attached to the petition is signed, dated, and witnessed but is not acknowledged. It is claimed that the lack of an acknowledgment clause renders the notice void.
The petition goes on to state that the notice of election was rejected by the executors. An alleged waiver of his right to elect executed by the surviving spouse on September 7, 1971 and duly acknowledged is on file in this court. It is set up as follows:
*276 WAIVER OF ESTATE CLAIM
"I, John Michael Finn, husband of Helen S. Finn (formerly Helen S. Nolan), of 2007 Southgate Drive, Schenectady, New York, in consideration of One and no/100 ($1.00) Dollars to me in hand paid by my said wife, the receipt whereof is hereby acknowledged and of other good and valuable considerations, do hereby release and relinquish any and all right that I may have, or may hereafter acquire: (a) to share in any capacity whatsoever in the estate of Helen S. Finn upon her death; and/or (b) to act as executor or administrator of the estate of Helen S. Finn, or to participate in the administration of such estate in any manner. It is my intention that her estate shall be administered and distributed in all respects as though no marriage had been solemnized between us, which marriage took place on November 20, 1926, as we have been living separate and apart for approximately twenty (20) years.
"s/John Michael Finn L.S.
"JOHN MICHAEL FINN

"On this 7th day of September, 1971, before me personally came John Michael Finn, to me known and known to me to be the individual described in and who executed the foregoing instrument and he duly acknowledged to me that he executed the same
"s/ Maurice E. La Fleche
Notary Public
"Maurice E. La Fleche Notary Public, State of New York Qualified in Schenectady County My Commission expires March 30, 1972”
Also attached to the petition is a similar waiver executed on the same date by decedent in favor of the estate of John Michael Finn, her surviving spouse. It is not denied that the waiver was signed by John Michael Finn, the surviving spouse.
The material allegations of the answer follow:
"6. That the purported waiver of estate claim was procured by fraud, deception, imposition, undue influence, overreaching, and duress and by misrepresentation and concealment of material facts, with the consequence that the alleged execu *277 tion of said purported waiver of estate claims was not the free act and deed of respondent John M. Finn, and was without clear comprehension of the object and effect of the purported instrument of waiver.
"7. That the fraud, deception, imposition, undue influence, overreaching, duress, misrepresentation and concealment consisted, among other things, in fraudulent and deceptive misrepresentation that respondent was not waiving his future rights to share in his wife’s estate but that of some other person; and in refusing to give respondent money that was lawfully his unless he executed the alleged waivers.” Request is then made by respondent that the petition be dismissed and a determination made that the election is valid and that the respondent is entitled to his elective share as provided by law.
First must be disposed of the question of whether the notice of election must be acknowledged. The petition is in error when it states that the notice was not filed or recorded in the office of the Surrogate. The original notice and the court records establish that the notice was filed here July 11, 1975, and recorded the same date in Book 75 Probate, page 323. The proof of service on the estate representatives was also filed and recorded on the same date, in the same book.
The governing statute is EPTL 5-1.1 (subd [e], par [1]):
"(e) Procedure for exercise of right of election.
"(1) An election under this section must be made within six months from the date of issuance of letters testamentary or of administration, as the case may be. Written notice of such election shall be served upon any personal representative in the manner herein provided, or upon a person named as executor in a will on file in the surrogate’s court in a case where such will has not yet been admitted to probate, and the original thereof shall be filed and recorded, with proof of service, in the surrogate’s court in which such letters were issued within six months from the date of the issuance of letters. Such notice may be served by mailing a copy thereof, addressed to any personal representative, or to the nominated executor, as the case may be, at the place of residence stated in the designation required by SCPA 708 or in such other manner as the surrogate may direct.”
From the foregoing then it is established that the notice was signed, witnessed, served, filed and recorded in the proper Surrogate’s office within six months from the date of issuance of letters testamentary. The notice was not acknowledged and *278 petitioner urges that the lack of acknowledgment voids the notice thus defeating any right in the surviving spouse to elect against the provisions of the will. Matter of Zweig (145 Misc 839) stressed in the petitioner’s brief, does not stand for the proposition that a notice of election must be acknowledged. Surrogate Wingate discussed the early impact of the predecessor statute to EPTL 5-1.1 and the procedures to validly make and file a notice of election. In discussing the statutes of other States, he did point out that some States enacted legislation making acknowledgment one of the essentials to the validity of the notice. An examination of the New York statute, quoted above, reveals no such requirement that the notice be acknowledged. Although it appears in Zweig that the notice may not have been acknowledged, the holding was that it was not filed and recorded within the time limits set forth in the statute.
The executors also rely on Matter of Egan (153 Misc 256) which is not a compelling precedent to their position here. In Egan, a Surrogate’s Court Clerk refused to file and record a notice of election because it was not acknowledged. Surrogate Feely wrote an opinion defending this action. No dates are given for the issuance of letters, the date of the election, etc., but it is apparent that the case involves a 'housekeeping’ decision as to the form of an instrument presented to the court rather than one involving substantial rights of a party as raised here. Matter of Coffin (152 Misc 619) also cited by petitioners is not pertinent here except as to dictum that it would be better practice to have the notice of election contain an acknowledgment clause. There is no question as to the wisdom of that statement. Witness this litigation. However Coffin stands for the proposition that a notice of election, properly executed, must be filed in the lifetime of the elector, the right being a personal one.
The provisions of the section in question other than the prescribed time limitation should be construed so as not to unjustly defeat the rights of a surviving spouse (Matter of Matthews, 255 App Div 80, affd 279 NY 732). To read into the statute the word "acknowledged” where no such requirement was ever inserted by the Legislature in the long history of this legislation would be unjust and unreasonable.
The remaining cases cited by the executors relate to filing and recording problems and are not pertinent to the issue of the requirement of an acknowledgment.
*279 I find therefore that there was no requirement that the notice be acknowledged and that it was properly executed, served, filed and recorded. This finding is supported by the fact that in EPTL 5-1.1 (the same section relating to a notice of election) the Legislature in dealing with a waiver or release of a right of election in paragraph (2) of subdivision (f) inserted a requirement that the "waiver or release must be in writing and subscribed by the maker thereof, and acknowledged or proved in the manner required by the laws of this state for the recording of a conveyance of real property.” (Emphasis supplied.) Thus within the framework of the same section (EPTL 5-1.1) markedly different standards are set as to notices of election (signing, filing, service and recording) and as to waivers (subscribing and acknowledging). Some of the reasons for the different standards are obvious. The waiver of a right of election may be executed years prior to the death of a spouse against whose estate an election may be filed. Upon proper presentment, it terminates rights with no further action required other than the usual notices in probate and administration proceedings. Hence the requirements for a more formal execution of the document. The signing, filing, service and recording of the notice of election are done in a pending estate affording the elector protection against early distribution of the estate thus preserving his rights to proceed to have his status considered, with the recording of the document putting persons on notice that such a claim is pending. This document is by its nature, a statutory claim requiring affirmative action by the elector or by the estate representative prior to distribution. The time limitations in the section operate as a Statute of Limitations affording the estate protection against untimely election claims after distribution has been effected.
Turning now to the question as to the summary relief requested, it is found and determined that neither party is entitled to summary judgment at this time on the papers and documents before the court.
The answer contains many conclusions, but is saved by two allegations in paragraph 7, quoted above. Respondent alleges that the signing of the purported waiver was not his free act and deed in that he felt he was not waiving his rights to share in his wife’s estate but that of some other person, and that he was refused money that was lawfully his unless he executed the document. Questions of fact are raised by these allegations *280 which ought not be judged summarily, but only after respondent has the opportunity to offer proof to sustain his allegations. These allegations were not denied by affidavit by the petitioners, who refer to them in their memorandum of law as "conclusions” on which no evidentiary facts were presented in the answer. There are issues of fact raised by these allegations which must be tried. (Kravitz v Mural Transp., 159 NYS2d 267; Hellinger v Abeles, 128 NYS2d 624, affd 283 App Div 726, mot for lv to app den 283 App Div 815; First Nat. Bank of Dolgeville v Mang, 41 NYS2d 92; Williston, Contracts (3d ed), vol 4, § 629; vol 12, §§ 1486, 1487, 1488.)